**FILED**
**Feb 17, 2023**
**08:19 AM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT GRAY

| | |
|---|---|
| **STEPHEN BASSHAM,** ) | **Docket Number: 2022-02-0210** |
| **Employee,** ) | |
| **v.** ) | **State File Number: 800835-2022** |
| **LOWE'S HOME CENTERS, INC.,** ) | |
| **Employer.** ) | **Judge Brian K. Addington** |

---

## EXPEDITED HEARING ORDER

---

During an expedited hearing on February 14, 2023, Stephen Bassham sought a second opinion for medical treatment for injuries to his wrists. Lowe's asserted that Mr. Bassham is not entitled to a second opinion. For the reasons below, the Court denies Mr. Bassham's request.

### Claim History

Mr. Bassham began working for Lowe's in October 2020. A few months later, Lowes assigned him to building and dismantling various steel shelving throughout the store. Mr. Bassham testified that he removed and relocated racks and large steel beams used to display merchandise. He stated he had to pound the display racks with his hands/wrists to remove and reinstall them. He worked in this position for approximately two months, but Lowes eventually assigned him to setting up displays for different products.

Mr. Bassham testified that he noticed pain in his wrists while golfing in spring 2021. He discussed the symptoms with his primary care doctor. She sent him for an EMG. Mr. Bassham said the EMG did not show nerve damage, so he was referred to an orthopedist.[1]

---

[1] The EMG report and primary care doctor's notes were not in the record.

Mr. Bassham went to an orthopedic walk-in clinic in March 2022 and saw Dr. Timothy Jenkins.[2] After reviewing x-rays, Dr. Jenkins asked Mr. Bassham if he had suffered an acute injury. Mr. Bassham testified it was at that moment he realized the repeated removal and installation of shelving at Lowe's had caused his wrist pain. Dr. Jenkins diagnosed complete bilateral ligament tears, recommended physical therapy, and an MRI.

After Mr. Bassham notified his supervisor of the injury, Lowe's offered a physician panel, and Mr. Bassham saw Dr. Clarence Goulding.[3] Dr. Goulding was under the impression that Dr. Jenkins believed Mr. Bassham's injury was work-related, so he referred him back to Dr. Jenkins and wrote: "Further evaluation care and treatment will be as per Dr. Jenkins the orthopedist who has been working with the patient for the past two months."

Mr. Bassham returned to Dr. Jenkins in June, and he noted, "Patient has bilateral scapholunate tears. He feels these are [a] work-related event." Dr. Jenkins reviewed the MRI results and referred him to Dr. Kent Lord, a hand specialist. Lowes accepted the referral to Dr. Lord.

The meeting with Dr. Lord did not proceed as Mr. Bassham hoped, because according to him Dr. Lord was in a bad mood. Regardless, Dr. Lord reviewed the MRI, recommended an injection, and diagnosed bilateral wrist arthritis with traumatic ligament ruptures. Mr. Bassham received the injection the same day and was told to return "as needed."

In August, Lowes asked Dr. Lord to provide a work status report. In it, he placed restrictions of no lifting, pushing, or pulling greater than five pounds. He also wrote that Mr. Bassham had reached maximum medical improvement without a permanent impairment.

In November, Lowes sent Dr. Lord a questionnaire about Mr. Bassham's injury. Dr. Lord responded that the injury occurred gradually. He answered yes to the question, "Considering the MRI, do you opine to a reasonable degree of medical certainty that Mr. Bassham's arthritis is more likely than not an underlying pre-existing condition?" Dr. Lord affirmed his previous conclusion that Mr. Bassham reached maximum medical improvement on August 31, 2022.

---

[2] Mr. Bassham asked the Court to allow the late filing of the remaining portion of Dr. Jenkins's office note. Lowe's objected, and the Court sustained the objection. The office note was accepted for identification purposes only.

[3] Due to the impending retirement of the physician that Mr. Bassham chose, the parties agreed for Mr. Bassham to see Dr. Goulding instead.

Mr. Bassham last received treatment in June 2022. He requested Lowes provide an independent doctor to explore options for treating his condition. In other words, he asked for a second opinion.

Lowes argued that Mr. Bassham is not entitled to a second opinion because his authorized doctor did not recommend surgery or refer him for a second opinion.

### Findings of Fact and Conclusions of Law

At an expedited hearing, Mr. Bassham must show he would likely prevail at a hearing on the merits. Tenn. Code Ann. § 50-6-239(d)(1) (2022).

Here, Mr. Bassham requested a second opinion. Under Tennessee Code Annotated section 50-6-204(a)(3)(C): "When the treating physician . . . refers the injured employee, the employee shall be entitled to have a second opinion on the issue of surgery and diagnosis . . . from a panel of two (2) physicians practicing in the same specialty as the physician *who recommended the surgery*." (Emphasis added).

The Tennessee Workers' Compensation Appeals Board determined that, "The phrase 'as the physician who recommended the surgery' necessarily requires there to be an opinion of a specialist recommending surgery before an injured worker is entitled to a second opinion on the issue of surgery and diagnosis." *Petty v. Convention Prod. Rigging*, 2016 TN Wrk. Comp. App. Bd. LEXIS 95, at *21 (Dec. 29, 2016).

In this case, none of the physicians recommended surgery. Dr. Jenkins may have implied that surgery was an option when he referred Mr. Bassham to Dr. Lord, but he did not record any recommendations in his medical record. Additionally, the fact that Dr. Jenkins referred Mr. Bassham to a "hand specialist" leads the Court to conclude that he was unsure of treatment options available to Mr. Bassham.

The Court finds Mr. Bassham sincere in his belief that his condition may require surgery. However, the Court holds that he is unlikely to succeed at a hearing on the merits in proving he is entitled to a second opinion at this time. Dr. Lord remains the authorized treating physician, as he has not refused to treat him further.

**IT IS THEREFORE, ORDERED**.

1. Mr. Bassham's request that the Court order a second opinion is denied.

2. The Court sets a status hearing on **April 10, 2023**, at **10:00 a.m.** Eastern Time. The parties must call **(855) 543-5044**. Failure to call might result in a determination of the issues without the party's participation.

3

**ENTERED February 17, 2023.**

_____
/s/ Brian K. Addington
**BRIAN K. ADDINGTON, JUDGE**
**Court of Workers' Compensation Claims**


**APPENDIX**


Exhibits:
1. Affidavit of Stephen Bassham
2. Employee's Choice of Physician form
3. Final Medical Report-Dr. Kent Lord
4. Medical record Dr. Clarence Goulding
5. Medical record Watauga Orthopeadics, Drs. Timothy Jenkins, and Kent Lord
6. Medical questionnaire Dr. Kent Lord, November 15, 2022
7. (Identification only) Medical record Dr. Timothy Jenkins, March 30, 2022

Technical Record:
1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Hearing Request
4. Employer's Pre-Hearing Brief


## CERTIFICATE OF SERVICE

I certify that a correct copy of this Order was sent on February 17, 2023.

| Name | Certified Mail | Fax | Email | Service sent to: |
|---|---|---|---|---|
| Samuel McPeak, Employee's Attorney | | | X | sam@hbm-lawfirm.com sandy@hbm-lawfirm.com |
| Allison Tomey, Employer's Attorney | | | X | aptomey@mijs.com lsgwinn@mijs.com |

_____
**PENNY SHRUM, COURT CLERK**
wc.courtclerk@tn.gov

4



<u>Expedited Hearing Order Right to Appeal</u>:

If you disagree with this Expedited Hearing Order, you may appeal to the Workers' Compensation Appeals Board. To appeal an expedited hearing order, you must:

1.  Complete the enclosed form entitled: "Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within seven business days* of the date the expedited hearing order was filed. When filing the Notice of Appeal, you must serve a copy upon all parties.

2.  You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of the appeal.**

3.  You bear the responsibility of ensuring a complete record on appeal. You may request from the court clerk the audio recording of the hearing for a $25.00 fee. If a transcript of the proceedings is to be filed, a licensed court reporter must prepare the transcript and file it with the court clerk *within ten business days* of the filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within ten business days* of the filing of the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the hearing. The Workers' Compensation Judge must approve the statement before the record is submitted to the Appeals Board. If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4.  If you wish to file a position statement, you must file it with the court clerk within *ten business days* after the deadline to file a transcript or statement of the evidence. The party opposing the appeal may file a response with the court clerk *within ten business days* after you file your position statement. All position statements should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



# NOTICE OF APPEAL

Tennessee Bureau of Workers' Compensation
[www.tn.gov/workforce/injuries-at-work/](www.tn.gov/workforce/injuries-at-work/)
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury: _____**

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____    ☐ Motion Order filed on _____

☐ Compensation Order filed on_____    ☐ Other Order filed on_____

issued by Judge _____.

## Statement of the Issues on Appeal

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____
_____
_____
_____

## Parties

**Appellant(s)** (Requesting Party): _____  ☐Employer ☐Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐Employer ☐Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____
*[Signature of appellant or attorney for appellant]*